36 F.3d 1116
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Helga SCHLICHTING, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3050.
 United States Court of Appeals, Federal Circuit.
 Sept. 19, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Helga Schlichting appeals the September 15, 1993 decision[1] of the Merit Systems Protection Board (Board), Dkt. No. DC0831930305-I-1, sustaining the Office of Personnel Management's (OPM) reconsideration decision denying her application for a survivor annuity benefit. We affirm.
 
 DISCUSSION
 
 2
 On appeal, our task is to determine whether the Board's decision is
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 4
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence....
 
 
 6
 5 U.S.C. Sec. 7703(c) (1988); see Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 7
 The issue on appeal is whether Ms. Schlichting is entitled to a survivor annuity based on the federal employment of Fair Freeborn, with whom she cohabitated in Germany for over 40 years. The relevant statute is 5 U.S.C. Sec. 8341, which provides in relevant part:
 
 
 8
 (a)(1) "widow" means the surviving wife of an employee ... who--
 
 
 9
 (A) was married to him for at least 9 months immediately before his death; or
 
 
 10
 (B) is the mother of issue by that marriage;
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 (b)(1) [I]f an employee ... dies after having retired under this subchapter and is survived by a widow ..., the widow is entitled to an annuity....
 
 
 14
 Thus, the question is whether Ms. Schlichting was ever "married" to Mr. Freeborn.
 
 
 15
 The AJ resolved this question using the definition of "marriage" set forth in an OPM regulation, 5 CFR Sec. 831.603. Since the statute does not define the term, and OPM is the agency entrusted to administer the civil service retirement laws, we see no error in that approach. See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984).
 
 The regulation defines "marriage" to mean:
 
 16
 [A] marriage recognized in law or equity under the whole law of the jurisdiction with the most significant interest in the marital status of the employee, Member, or retiree unless the law of that jurisdiction is contrary to the public policy of the United States. If a jurisdiction would recognize more than one marriage in law or equity, the Office of Personnel Management (OPM) will recognize only one marriage but will defer to the local courts to determine which marriage should be recognized.
 
 
 17
 The AJ determined that Germany was the jurisdiction that had the most significant interest in the marital status of Mr. Freeborn, and that under German law, Ms. Schlichting and Mr. Freeborn had never married. On this basis, he ultimately concluded that Ms. Schlichting was not entitled to a survivor annuity.
 
 
 18
 Ms. Schlichting has shown no error in these findings and conclusion. Instead, she asserts based on principles of equity and fairness that she be awarded survivor benefits.
 
 The AJ stated:
 
 19
 It is evident from the record that appellant was a devoted and loving companion to Mr. Freeborn for forty-three years, that she was the mother of their daughter, and, at considerable financial expense to herself, that she took care of him during the long and difficult illness that led to his death. It is likewise unfortunate that circumstances did not permit appellant and Mr. Freeborn to be married and prevented their relationship from being given the legal recognition that would have allowed Mr. Freeborn to provide a survivor annuity for appellant. However, because appellant is not the "widow" of Mr. Freeborn she does not meet the statutory eligibility requirements of 5 U.S.C. Sec. 8341(b)(1) and the agency cannot be estopped from denying her request for a survivor annuity. See Office of Personnel Management v. Richmond, 111 S.Ct. 2465, 2469-76 (1990), rehearing denied, 111 S.Ct. 5 (1990) (the doctrine of equitable estoppel cannot be applied to require the Federal government to grant monetary benefits to an individual who does not meet the statutory requirements for such benefits).
 
 
 20
 Absent a showing that the AJ committed error of the types enunciated in 5 U.S.C. Sec. 7703(c), we cannot overturn the Board's decision.
 
 
 21
 CONCLUSION.
 
 
 22
 We have considered the remaining issues raised by the parties, and find them to be either irrelevant or not dispositive. Accordingly, we affirm.
 
 COSTS
 
 23
 Each party to bear its own costs.
 
 
 
 [1]
 The Administrative Judge (AJ) issued an initial decision on June 22, 1993 sustaining OPM's reconsideration decision. That decision became final on September 15, 1993, when the Board denied under 5 CFR Sec. 1201.115 Schlichting's petition for review